UNITED STATES of America,
Plaintiff–Appellee,

v.

Nicholas J. TRIANA, Jr., Defendant–
Appellant.

No. 07–3462.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2008.

Before: COOK and GRIFFIN, Circuit
Judges; and MARBLEY,* District Judge.

COOK, Circuit Judge.

On appeal from a *Booker* resentencing,
Nicholas Triana challenges his 108–month
sentence, arguing that the district court
improperly modified his sentence to add a
forfeiture; violated his Sixth Amendment
rights by increasing his sentence using
judge-found facts; erred in grouping of-
fenses to calculate his sentence; and dou-
ble-counted conduct for purposes of three
sentence enhancements. Finding these
challenges to lack merit, we affirm Tria-
na's sentence.

I.

Triana practiced podiatry in Ohio, pri-
marily treating nursing-home patients on
Medicare. In 1998, Triana pleaded guilty
to health care fraud for misusing medical
billing codes. Triana's plea agreement

disqualified him from seeking reimburse-
ment from federal health care programs,
directly or indirectly, for eight years.[1]
Triana nevertheless formed a new podiatry
practice, which ultimately collected more
than $1.7 million from Medicare. A jury
convicted him of conspiracy, health care
fraud, and bank fraud.

The district court originally sentenced
Triana to 135 months. *Booker* resentenc-
ing reduced his sentence to 108 months.
Triana appeals once again, arguing that
the district court: 1) impermissibly modi-
fied his sentence to include a forfeiture; 2)
violated his Sixth Amendment rights by
finding facts that increased his sentence;
and 3) applied certain Guidelines provi-
sions incorrectly.

II.

As for the district court's adding a for-
feiture order after entering a final judg-
ment in excess of its Fed.R.Crim.P. 36
authority to correct clerical errors, Triana
fails to convince. Selectively quoting the
resentencing transcript, Triana contends
that the district court omitted a forfeiture
order in oral sentencing and in the written
judgment that followed. Not so. Al-
though the district court initially neglected
to include forfeiture in its sentence pro-
nouncement, when invited to object, the
Government asked that the earlier-stipu-
lated forfeiture be incorporated in the re-
sentencing judgment, and the court
obliged. *See* J.A. 292–93.

And contrary to Triana's reading, the
written judgment aligned with the court's
oral pronouncements. *See* J.A. 41. Tria-
na mistakenly relies on an e-mail noting a
clerical correction to the Guidelines range
to support this alleged forfeiture amend-
ment, but the e-mail does not concern for-

* The Honorable Algenon L. Marbley, United
States District Judge for the Southern District
of Ohio, sitting by designation.

1. The facts are set out in greater detail at
*United States v. Triana*, 468 F.3d 308, 311–14
(6th Cir.2006).

feiture and adds nothing of substance to the judgment. Therefore, we reject Triana's first claim.

Triana next argues that the court violated his Sixth Amendment rights by finding sentencing facts, but "this court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker.*" *United States v. Ferguson,* 456 F.3d 660, 665 (6th Cir.2006); *see also United States v. Gates,* 461 F.3d 703, 707–08 (6th Cir.), *cert. denied,* 549 U.S. 1041, 127 S.Ct. 602, 166 L.Ed.2d 446 (2006).

Finally, Triana challenges the district court's application of the Guidelines to his conduct in two ways. First, he argues that it improperly grouped his offenses to calculate his offense level. Second, he posits that the court double-counted conduct by imposing overlapping enhancements for amount-of-loss, "sophisticated means," and Triana's leadership role in the offense. Triana's failure to protest these enhancements in his prior *Booker* appeal precludes his raising them here. *United States v. McKinley,* 227 F.3d 716, 718 (6th Cir.2000) (government forfeited an argument available, but unpursued, in the first appeal); *see also United States v. Mitchell,* 232 Fed.Appx. 513, 517 (6th Cir.2007) (failure to object to enhancement on *Booker* appeal barred defendant from further appeals on the issue); *United States v. Franks,* 203 Fed.Appx. 698, 702 (6th Cir.2006) (defendant's failure to object to firearm enhancement in prior *Booker* appeal foreclosed raising it in a later appeal).

### III.

For these reasons, we affirm.